# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:21-cr-10008 |
| DARYL G. MCGHEE, ) | |
| Defendant. ) | |

## ORDER & OPINION

The undersigned hereby orders that the first trial in this case shall not be mentioned during the upcoming retrial. The Court excludes mention of the prior trial because it is not relevant evidence under Federal Rule of Evidence 401 and is therefore inadmissible. Fed. R. Evid. 402. Furthermore, even if it were relevant evidence, the Court would exclude it because its probative value would be substantially outweighed by a danger of "unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403.

### LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is irrelevant unless it is both (a) probative and (b) material. *See* Fed. R. Evid. 401. Evidence is probative if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Evidence is material if that "fact is of consequence in determining the action." Fed. R. Evid. 401(b).

In addition, the Court may, in its discretion, exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 184–85 (1997) (citing Fed. R. Evid. 403 advisory committee notes on 1972 Proposed Rules). "[T]he more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote." *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008) (quoting *United States v. Menzer*, 29 F.3d 1223, 1234 (7th Cir. 1994)).

### DISCUSSION

To be clear, this Order and the discussion below centers on mention of the prior trial *itself*, not admissible evidence derived from the prior trial (e.g., an inconsistent statement made by a witness at the prior trial).

### I. The Fact That a Prior Trial Occurred Is Irrelevant

"The Court cannot imagine any way in which mentioning the prior trial . . . would be relevant in the retrial." *United States v. Hicks*, No. 15-CR-33-A, 2018 U.S. Dist. LEXIS 63781, at *4–6 (W.D.N.Y. Apr. 16, 2018).

For evidence to be relevant, it must make a fact of consequence in determining the action more or less probable than it would be absent that evidence. Does the mere fact that a prior trial occurred makes any material fact here more or less likely to be true? The undersigned thinks not. The occurrence of the prior trial itself certainly does not make it more or less likely that the Defendant committed the crimes alleged: possession of a firearm in furtherance of possessing cocaine with the intent to distribute it. In no way does the prior trial itself imply the Defendant's guilt or

innocence. Consequently, mention of the prior trial is inadmissible under Federal Rules of Evidence 401 and 402.

## II. Any Probative Value Would Be Substantially Outweighed

Even assuming, *arguendo*, that mention of the prior trial were relevant, its probative value would be significantly outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403.

If the jury were to discover the prior trial, even without knowing its result, that may cause them to speculate as to the reason for the retrial—confusing the issues. Worse yet, if the result of the prior trial were revealed to the jury, they may be influenced by what the prior jury did. The jury may feel that if a previous panel of twelve reasonable people could not agree on the remaining counts, there must be reasonable doubt as to the Defendant's guilt. *See, e.g., Carsey v. United States*, 392 F.2d 810, 817 (D.C. Cir. 1967). In that way, divulging the fact that a prior trial occurred could mislead the jury and interfere with their determination of whether the Defendant has been proven guilty beyond a reasonable doubt based solely on the evidence presented in the retrial. Thus, mention of the prior trial suggests decision on an improper basis, which constitutes unfair prejudice.

Given the nonexistent relevance of the fact that a prior trial occurred—and the significant danger of unfair prejudice, confusing the issues, and misleading the jury— the Court finds mention of the prior trial inadmissible under Federal Rule of Evidence 403.

If a party wishes to offer admissible evidence from the prior trial, that party may make an oblique reference to a prior "proceeding" or "hearing." *See* Leonard Sand

et al., *Modern Federal Jury Instructions: Criminal* (2021) Instruction 2-13, cmt. ("many jurisdictions proscribe any reference to previous trials, using instead references to 'a prior proceeding' "). For instance, if either party seeks to impeach a witness with that witness's testimony from the prior trial, the party shall refer to the witness's testimony in a prior "proceeding" or "hearing" without mentioning that that "proceeding" or "hearing" was an earlier trial of this case.

## CONCLUSION

IT IS THEREFORE ORDERED that during the retrial, the parties shall not refer to the prior "trial," "mistrial," "hung" or "deadlocked" jury, or otherwise suggest in any way that this case has been tried previously. In keeping with the Court's ruling, the parties shall include the attached Statement of the Case (dkt. 67-1) with their proposed joint final pretrial order.

SO ORDERED.

Entered this 1st day of February 2022.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
