IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DARYL G. MCGHEE,<br>    Plaintiff, | |
| v. | Case No. 1:21-CR-10008-JEH |
| UNITED STATES OF AMERICA,<br>    Defendant. | |

**Order**

Now before the Court is the Petitioner, Daryl G. McGhee's, petition for post-conviction relief pursuant to 28 U.S.C. § 2255. For the reasons stated, *infra*, the petition is denied, and the Court denies a certificate of appealability.

**I**

**A**

In March 2021, a federal grand jury charged McGhee with 1) Possession of Controlled Substance with Intent to Distribute; 2) Felon in Possession of a Firearm; and 3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (D. 9 at ECF pp. 1-2). On March 5, 2021, McGhee entered a not guilty plea to all counts of the indictment, and the court scheduled a jury trial (D. 13). On November 3, 2021, a jury found McGhee guilty of Count Two, but they deadlocked on Counts One and Three, leading to a new trial being scheduled (D. 57 at ECF p. 1; D. 80). On August 10, 2022, a jury found McGhee guilty of the remaining counts. (D. 91 at ECF pp. 1-3). McGhee appealed the convictions and sentence, arguing an exclusionary order wrongfully excluded evidence at the second jury trial. (D. 110 at ECF p. 1). The Seventh Circuit Court of Appeals affirmed the district court's

judgment, finding "overwhelming" evidence of guilt against McGhee, but they included concerns regarding the "overbroad" exclusionary order. *United States v. McGhee*, 88 F.4th 1236, 1241–42 (7th Cir. 2023).

**B**

In the second jury trial, the Court ordered McGhee and his counsel, Anthony Burch, to exclude from testimony any "events prior to the 911" call that brought the officers to McGhee's residence. *McGhee*, 88 F.4th 1238. McGhee's spouse had called accusing McGhee of domestic violence, which meant the order did not allow any mention of the call as evidence, including to refute the accusation. *Id.* Furthermore, the judge placed Mr. Burch and McGhee under threat of being jailed for six months if they violated the admonishment. *Id.* at 1237. While the Seventh Circuit agreed the order kept the "focus on the charged offenses," the court found it to be "overbroad in a material way," as it cast McGhee in an "awful light." *Id.* at 1240. However, the weight of the evidence against McGhee was "overwhelming," given his admitted connections to the incriminating evidence, and the alternate explanations for how the evidence came to be placed being "utterly fantastic." *Id.*[1] Additionally, because the order still allowed McGhee to present a "complete defense," including Mr. Burch's original argument that his spouse had framed him by placing the evidence, it was deemed constitutional. *Id.* at 1241.[2] The Seventh Circuit affirmed the decision, though they stated reservations with the overbroad order. *Id.* at 1242.

---

[1] McGhee fled the house before the officers arrived, carrying a gun and bag containing a brick of cocaine. The officers found McGhee hiding in a bush, and shortly afterwards they found the gun and bag underneath a nearby dumpster.

[2] The Seventh Circuit makes it clear they do not believe this defense has any merit, but rather it serves as an example for what McGhee *could* have argued despite the order's encompassing breadth.

The Seventh Circuit emphasized that Mr. Burch "conducted himself honorably and professionally throughout the second jury trial, working hard to defend his client" in a case where the government had an "overwhelming" amount of evidence against McGhee. *Id.* at 1242. For example, Mr. Burch, on two separate occasions, objected to the district judge's comments, first about the relevancy of McGhee's testimony post-order, and the second about the dangers of fentanyl in a cocaine possession case. (D. 118 at ECF p. 328; D. 117 at ECF p. 289). Mr. Burch also pushed back against the order, stating it had a "chilling" effect on his ability to present a defense. (D. 118 at ECF pp. 347-48).

At trial, the Government entered a video of McGhee's spouse as evidence under the excited utterance exception to the hearsay rule. (D. 49 at ECF p. 1). The video was bodycam footage from when the officers had arrived at the residence, where she stated McGhee had run out the back of the house with a gun and bag (D. 33 at ECF pp. 1-2). McGhee's counsel correctly preserved a Confrontation Clause related to the video at trial, but his appellate counsel did not raise this issue on appeal, stating that since it was nontestimonial, the issue would have no basis in law. (D. 125 at ECF p. 25).

## C

In 2025, McGhee filed the motion under 28 U.S.C. § 2255 currently pending before the Court, seeking to vacate or set aside his convictions for Counts 1 and 3 and sentence, citing unconstitutionally ineffective counsel. (D. 125 at ECF p. 1). The Government opposes the motion, arguing none of the alleged errors show deficient performance, and even if they did, their existence did not prejudice the outcome. (D. 128 at ECF pp. 2-3).

McGhee argues six points in the petition, five of which pertain to Mr. Burch's performance in the second jury trial, while one relates to his appellate

3

counsel. All are alleging deficient performance and that the unprofessional errors or combination of errors prejudiced the result. The arguments against Mr. Burch include 1) Lack of objection when the district judge stated McGhee's testimony would not be "relevant,"; 2) Lack of objection to district judge's comments about fentanyl; 3) Lack of objection against the court not allowing a third-party defense to be presented; 4) Directing McGhee to admitting a Felon in Possession offense; and 5) Lack of objection to an officer's testimony. (D. 125 at ECF p. 26; *Id*. at 39; *Id*. at 46; *Id*. at 55; and *Id*. at 67). The argument against appellate counsel is failing to raise the preserved Confrontation Clause issue on appeal. *Id*. at 63.

In his petition, McGhee requests the court vacate his conviction and remand his case back to the district court for a new trial, or to hold a new evidentiary hearing to entitle him to relief. *Id*. at 73. The Government disagrees, arguing that McGhee's motion does not meet the required standard for ineffective counsel, as the Seventh Circuit's judgment stated there was "overwhelming" evidence against him, so it should be denied, thereby making an evidentiary hearing is unnecessary. (D. 128 at ECF pp. 33-34).

## II
### A
#### 1

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may petition the court that imposed his sentence to vacate or set aside the conviction for ineffective counsel. Relief under § 2255 is available to petitioners who show flaws which are "jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir. 1995). Relief under § 2255 is also reserved for "extraordinary" situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Circ. 1996).

For claims of ineffective counsel, the petitioner must demonstrate 1) deficient performance by counsel; or 2) the deficient performance prejudiced the result. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Examining one prong without the other is sufficient to decide. *Strickland*, 466 U.S. 697. Determining whether to consider prejudice without first considering deficient performance is up to the court's discretion when examining the evidentiary record. *Hudson v. DeHaan*, 127 F.4th 1072, 1077 (7th Circ. 2025) (noting the state of the record counseled them to decide solely on the prejudice prong). The petitioner must prove there was a "reasonable probability that but for counsel's unprofessional errors" that the outcome would have been different. *Strickland*, 466 U.S. 694. A "reasonable probability" is a probability that is sufficient to "undermine" confidence in the result. *Id*.

**2**

Even assuming Mr. Burch's performance was deficient under the *Strickland* standard, McGhee is not entitled to § 2255 relief because he has not shown a "reasonable possibility" the second jury trial's results were prejudiced by the alleged deficiencies. The Seventh Circuit affirmed the district court's order stating, "(they) will not disturb McGhee's convictions despite the overbreadth of the exclusionary order. The evidence of McGhee's guilt was overwhelming." *McGhee*, 88 F.4th 1241–42. Relief is generally unwarranted if the evidence of guilt against the defendant is "overwhelming." *See Ducato v. United States*, 315 F.3d 729, 730 (7th Circ. 2002); *Mendoza v. United States*, 755 F.3d 821, 830 (7th Circ. 2014).

Additionally, the Seventh Circuit specifically praised the character and performance of Mr. Burch despite the evidence against his client. Mr. Burch's

performance is not the reason the jury found McGhee guilty, so there is not a "reasonable possibility" McGhee's allegations of deficient performance against Mr. Burch, if taken as true, would have changed the second trial's outcome. Furthermore, these petitions are reserved for "extraordinary situations," and if the district judge's behavior did not constitute an "extraordinary" situation in this case, then Mr. Burch's performance did not prejudice the outcome, especially given the court's praise for him.[3] Finally, the appellate court reaffirmed that the alternate explanations related to the evidence were "utterly fantastic," showing there is not a "reasonable probability" that Mr. Burch's alleged errors were the but for cause of the second jury trial's result. Even if Mr. Burch had presented the alternate explanations perfectly, both the district and appellate court would have refused to believe them.

Because the appellate court states McGhee lost at the second jury trial due to the "overwhelming" evidence of guilt against him, Mr. Burch's performance could not have been the but for cause for the result. Thus, his performance could not have prejudiced the outcome of the second jury trial, and McGhee is not entitled to relief at the district court level.

### B

### 1

The *Strickland* standard also applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781-82 (1987). To prove deficient performance, the petitioner must show counsel made errors "so serious" that they did not function as effective "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. 687. Petitioner must prove counsel did not provide "reasonably effective assistance," against a "strong

---

[3] Extraordinary to the degree of being beyond the normal range of discretion given to both counsel and judges when it comes to professional judgment.

presumption" that counsel's conduct falls within a range of acceptable professional performance. *Id.* at 687, 689.

Attorneys are to be given discretion when courts review their "strategic choices," as they are "virtually unchallengeable" if the attorney conducted a thorough investigation of the law and facts beforehand. *Id.* at 691-92. Furthermore, counsel does not have to raise every nonfrivolous issue of law on appeal. *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983). In fact, the "hallmark of effective appellate advocacy" is the "process of winnowing out weaker claims" and "focusing on those more likely to prevail." *Id.* at 751-52.

2

McGhee's argument against his appellate counsel fails because he does not sufficiently prove deficient performance. As petitioner points out in his own petition, his counsel on appeal expressly stated that he would not raise the Confrontation Clause issue. Counsel stated the issue was weak because the video was nontestimonial, the district court had found it to be an excited utterance, and there is no supporting caselaw cited by McGhee. By explicitly stating he would not bring it, appellate counsel was making a strategic choice to eschew this issue in favor of stronger arguments. This therefore cannot be an example of deficient performance, as this action falls within reasonably effective assistance, especially given the court's strong presumption that such behavior is acceptable professional performance.

Even if McGhee's deficient performance argument related to his appellate counsel was true, his petition fails because the alleged deficiencies would not have prejudiced the result. There is no reason to assume appellate counsel did not complete a thorough investigation of the law and facts beforehand. Thus, his

7

appellate counsel was abiding by the "hallmark of appellate advocacy" by choosing not to raise this claim in favor of other issues.

The nonfrivolous issue appellate counsel did choose to raise was arguing his client's trial was unjustly prejudiced by the district judge's exclusionary order. He argued the evidence of the 911 call was wrongfully excluded, and it impinged upon McGhee's constitutional right to a complete defense, which the Seventh Circuit rejected. Therefore, appellate counsel's alleged deficient performance did not prejudice the result since the stronger argument, meaning a weaker argument had no "reasonable probability" of affecting the outcome.

### III

For the reasons stated, *supra*, the petition is denied. Given the nature of McGhee's claim for relief and that the evidence against the petitioner is "overwhelming," an evidentiary hearing on the § 2255 petition is unnecessary. *See Martin v. United States*, 789 F.3d 703, 706 (7th Circ. 2015) (holding no hearing is needed if the record conclusively shows the prisoner is entitled to no relief). Furthermore, the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*It is so ordered.*

Entered on June 17, 2025

s/ Jonathan E. Hawley
U.S. DISTRICT JUDGE