IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DARYL G. MCGHEE,<br>    Plaintiff, | |
| v. | Case No. 1:21-CR-10008-JEH |
| UNITED STATES OF AMERICA,<br>    Defendant. | |

## Order

Now before the Court is the Petitioner Daryl G. McGhee's Motion to Alter Judgment (D. 133)[1]. For the reasons stated, *infra*, the motion is denied.

On June 17, 2025, the Court denied McGhee's § 2255 petition and declined to issue a certificate of appealability. (D. 130). Judgment entered on the same day. (D. 131). On July 7, 2025, McGhee filed his Motion to Alter Judgment or, in the alternative, Relief Under Rule 60(b) or for an order disclosing sealed portion of the trial transcript to him. (D. 133). In the motion, he argued that both the Court and the Government relied on a transcript of which a portion was under seal and to which he did not have access. *Id.* He asked that the sealed portions of the transcript be disclosed to him. *Id.* On July 21, 2025, the Court deferred ruling on the Motion to Alter Judgment until such time as McGhee had an opportunity to review the sealed portions of the transcript. (Docket Entry of July 21, 2025).

After McGhee received and reviewed the sealed portion of the transcripts, he filed a number of different documents, all of which have the functional effect of

---

[1] Citations to the electronic docket are abbreviated as "D. __ at ECF p. __".

requesting that the Court alter the judgment and grant his § 2255 petition.² (D. 134, 135, & 136). Specifically, he posits that the sealed portion of the transcript reveals yet another reason why his counsel provided deficient performance, to wit:

> The newly disclosed transcript reveals something remarkable: the Court had actually carved out a specific and narrow path that would have allowed McGhee to still present his defense. He could testify that although he did not see who placed the bag, he suspected that his wife-or someone connected to her-had done so. The Court expressly found such testimony permissible.
>
> This narrow factual lane-this one sliver of testimony that the Court allowed-was trial counsel's responsibility to navigate. But when counsel questioned Mc Ghee at trial, he did not ask whether McGhee suspected his wife might have placed the bag. Instead, he asked whether she did place it. That phrasing transformed permissible testimony into excludable testimony. The judge struck it immediately. And the jury never heard the one defense theory the Court had allowed to survive.

(D. 135 at p. 3).

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). If that standard is successfully established, then Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (citing *Russell v. Delco Remy Div. of Gen. Motors*

---

² One of these filings was McGhee's request to file a Reply to the Government's Response to the original petition, given that the Court ruled upon the petition before McGhee could file his Reply. (D. 136). The Court gave McGhee leave to file his Reply, but nothing in his Reply alters the Court's analysis in originally denying the petition. (D. 130)

2

*Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, "A motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp.*, 49 F.3d at 1263 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old arguments," *Oto*, 224 F.3d at 606, nor is it a "vehicle for a party to undo its own procedural failures[.]" *Moro*, 91 F.3d at 876. Under Federal Rule of Civil Procedure 60(b), a Court may also grant a party relief from a final judgment based on newly discovered evidence. FED. R. CIV. P. 60(b).

When denying McGhee's petition originally, the Court relied on the fact that, even if he could establish deficient performance, he could not establish prejudice given the overwhelming evidence of his guilt. (D. 130 at ECF pp. 5-6) ("Even assuming Mr. Burch's performance was deficient under the *Strickland* standard, McGhee is not entitled to § 2255 relief because he has not shown a 'reasonable possibility' the second jury trial's results were prejudiced by the alleged deficiencies. The Seventh Circuit affirmed the district court's order stating, '(they) will not disturb McGhee's convictions despite the overbreadth of the exclusionary order. The evidence of McGhee's guilt was overwhelming.' *McGhee*, 88 F.4th 1241–42. Relief is generally unwarranted if the evidence of guilt against the defendant is 'overwhelming.' *See Ducato v. United States*, 315 F.3d 729, 730 (7th Cir. 2002); *Mendoza v. United States*, 755 F.3d 821, 830 (7th Cir. 2014).").

Even assuming the information in the sealed transcript is "new evidence," and even assuming again that defense counsel's performance was deficient because he asked McGhee whether his wife *did* place the bag, instead of asking him if he *suspected* his wife might have placed the bag, nothing about this subtle turn of phrase alters the conclusion that the evidence of McGhee's guilt was overwhelming—a conclusion the Seventh Circuit made on direct appeal in this case, and one this Court reiterated when denying McGhee's request for post-conviction relief. *McGhee*, 88 F.4th 1241-42. When all is said and done, the only argument McGhee makes from the sealed portion of the transcripts is that his defense counsel phrased a single question incorrectly; given the weight of the evidence, nothing about that question's phrasing meets the standard for altering a judgment under Rule 59 or 60 and, even if the argument had been made in McGhee's original petition before judgment entered, the addition of this lone piece of information and argument to the others considered by the Court would not have changed the Court's decision.

Accordingly, McGhee's motion to Alter Judgment under Rule 59, 60, or any other basis for that matter is denied. Likewise, the Court's original determination that a certificate of appealability is denied is hereby reaffirmed. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*It is so ordered.*

Entered on January 12, 2026

                        s/ Jonathan E. Hawley
                        U.S. DISTRICT JUDGE